**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | |
| Plaintiff, | **OPINION & ORDER** |
| v. | Civ. No. 10-06752 (WHW) |
| AQUATEC WATER TREATMENT, INC., | |
| Defendant. | |

**Walls, Senior District Judge**

Plaintiff Educational Credit Management Corporation moves for default judgment against the defendant Aquatec Water Treatment, Inc. The defendant has not appeared and has not opposed this motion. The motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Educational Credit Management Corporation is a guaranty agency under the Federal Family Education Loan Program. Compl. ¶¶ 1, 8. As such, Educational Credit has the authority, under the Higher Education Act of 1965, to issue garnishment orders to the employers of borrowers who have failed to repay their student loans and are "not currently making required repayment under a repayment agreement." 20 U.S.C. § 1095a(a). Educational Credit may require an employer to withhold up to fifteen percent of the disposable income[1] of a borrower. § 1095a(a)(1). According to the complaint, Aquatec Water Treatment, a New Jersey corporation,

---

[1] Disposable income is defined as "that part of the compensation of any individual from an employer remaining after the deduction of any amounts required by law to be withheld." 20 U.S.C. § 1095a(e).

1

NOT FOR PUBLICATION

employs George G. Woods, who defaulted on a student loan debt owed to Educational Credit.[2] Compl. ¶¶ 2, 9. The complaint makes no representation of whether Woods is "not currently making required repayment under a repayment agreement" as § 1095a(a) requires.

In April 2010, Educational Credit served Woods with a required thirty-day notice prior to wage withholding. Compl. ¶ 10. Woods did not request a hearing to contest the proposed withholding order. Compl. ¶ 11. In May 2010, Educational Credit ordered Aquatec to garnish Woods's wages. *See* Compl. ¶ 11. Despite this order, Aquatec did not send any of Woods's wages to Educational Credit. Compl. ¶ 12. Educational Credit sent a second notice and after no response, its lawyer sent a demand letter to Aquatec. Compl. ¶¶ 12, 13. Aquatec has still not complied. Compl. ¶ 14.

Educational Credit then sued Aquatec. Educational Credit served the defendant in January 2011. Because Aquatec did not appear, the Clerk of the Court entered default against the defendant and now Educational Credit seeks a default judgment.

## STANDARD OF REVIEW

When a defendant fails to appear, a district court is authorized to enter a default judgment based solely on the fact that the default has occurred. *Anchorage Assocs. v. Virgin Is. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). When deciding a motion for default judgment, a court should accept as true the well-pleaded allegations of the complaint. *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452, 2008 U.S. Dist. LEXIS 63600, at *13 (D.N.J. July 31, 2008); *Days Inn Worldwide, Inc. v. Mayu & Roshan, LLC*, Civ. No. 06-1581, 2007 U.S. Dist. LEXIS 41997, at *8 (D.N.J. June 8, 2007). However, a court must make

---

[2] Educational Credit does not specifically state in its complaint that Woods is employed by Aquatec. The Court infers this based on the statement in the complaint that the defendant owes plaintiff fifteen percent of the borrower's disposable income "from the date of Defendant's receipt of the Withholding Order to the date [b]orrower ceases to be employed by Defendant." Compl. ¶ 17.

**NOT FOR PUBLICATION**

"an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *Days Inn*, 2007 U.S. Dist. LEXIS 41997, at *11. Moreover, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due, including calculation based on figures contained in documentary evidence or affidavits. *Ramada*, 2008 U.S. Dist. LEXIS 63600, at *13-14; *Days Inn*, 2007 U.S. Dist. LEXIS 41997, at *15-17.

## DISCUSSION

The grant of default judgment is largely a matter of judicial discretion. Though, that "discretion is not without limits," and there is a "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180, 1181 (3d Cir. 1984) (citations omitted).

In its complaint, Educational Credit seeks relief under 20 U.S.C. § 1095a. The plaintiff claims it is a guaranty agency pursuant to the Higher Education Act and the Federal Family Education Loan Program, and is permitted to issue withholding orders. According to § 1095a(a), a guaranty agency may, for any pay period, garnish up to fifteen percent of the disposable pay of a student borrower if he "is not currently making required repayment under a repayment agreement . . . with the guaranty agency holding the loan."

The plaintiff has not alleged in its complaint that Woods "is not currently making required repayment under a repayment agreement." Educational Credit has simply stated that Woods "owes a student loan to ECMC that is in default." Compl. ¶ 9. The term "default" is not defined by the statute and the complaint does not explain that term or otherwise allege that Woods is not presently making repayment. The word "default" is susceptible of multiple

**NOT FOR PUBLICATION**

meanings, *see, e.g.*, *Duraney v. Wash. Mut. Bank*, Civ. No. 07-13, 2008 U.S. Dist. LEXIS 72087, at *6-7 (W.D. Pa. Sept. 11, 2008) (explaining that "default" in that case included merely missing a payment), and the Court will not infer one definition or another without more. Because Educational Credit has not alleged sufficient facts to conclude that it had the authority in this case to issue the withholding order, the motion for default judgment is denied.

## CONCLUSION

**IT IS ORDERED** that plaintiff's motion for default judgment is **DENIED**.


July 12, 2011

>                                   /s/ William H. Walls
>                                   United States Senior District Judge

4